WAYNE R. GROSS, State Bar No. 138828
  *WGross@GGTrialLaw.com*
MICHAEL I. KATZ, State Bar No. 181728
  *MKatz@GGTrialLaw.com*
GREENBERG GROSS LLP
601 S. Figueroa St., 30th Floor
Los Angeles, California 90017
Telephone: (213) 334-7000
Facsimile: (213) 334-7001

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INVESTEL CAPITAL CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> SNAP INC., <br><br> Defendant. | Case No. 2:17-cv-00872 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Investel Capital Corporation ("Investel"), through counsel, hereby brings its Complaint for Declaratory Judgment against Snap Inc. ("Snap"), and alleges as follows:

## NATURE OF THE ACTION

1.      This is a declaratory judgment action seeking a declaration of non-infringement and invalidity of United States Patent No. 9,407,816 ("'816 Patent").

## THE PARTIES

2.      Investel is a corporation duly registered in the British Virgin Islands, having its principal place of business at 200 Granville Street, Suite 1210,

1  Vancouver, British Columbia, Canada V6C 1G4.

2      3.      Investel has developed technology related to integration of location-

3  based advertisements into user-generated social media content and protected the

4  same through a portfolio of patents.

5      4.      Snap is a Delaware corporation with its principal place of business at

6  Venice, California and has a registered agent for service of process in Sacramento,

7  California.  Prior to a September 2016 re-branding, Snap Inc. was known as

8  Snapchat, Inc.

9      5.      Snap owns and operates a social media network called Snapchat that is

10  accessible through applications published by Snap for iOS and Android-based user

11  systems.

12                    **JURISDICTION AND VENUE**

13      6.      This action arises under the Patent Laws of the United States, 35 U.S.C.

14  § 100 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This

15  matter presents an actual case or controversy between the parties and serves the

16  purpose of resolving the legal rights of the parties, including that Investel is free to

17  carry on its business in the United States.

18      7.      This Court has original jurisdiction over the subject matter of these

19  claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

20      8.      Upon information and belief, this Court has personal jurisdiction over

21  Snap because it conducts business in and directed at California, it is headquartered

22  in California, and has designated an agent in California for service of process.

23      9.      Venue is proper in this District under 28 U.S.C. §§ 1391 (b) and (c).

24                    **THE PATENT AT ISSUE**

25      10.     The '816 Patent, entitled "Apparatus and Method for Supplying

26  Content Aware Photo Filters," on its face states it was issued by the United States

27  Patent and Trademark Office on August 2, 2016.  A copy of the '816 Patent is

28  attached as **Exhibit A.**

11.     According to the records at the United States Patent and Trademark Office, Snapchat, Inc. (aka Snap) is the assignee of the '816 Patent.

12.     The '816 Patent is a continuation of U.S. Patent No. 9,225,897, filed on July 7, 2014, and under the America Invents Act, Snap is given a priority date over other inventions based on the July 7, 2014 priority date of U.S. Patent No. 9,225,897.

## INVESTEL'S PATENTS

13.     Investel is the owner of a portfolio of patents and pending applications worldwide, including in the United States, based on the inventions of Canadian inventor Benoît Laliberté, who assigned the patents and pending applications to Investel. The Investel patents and pending applications cover technical advances and improvements over the state of the art as it relates to content sharing solutions for mobile applications, including the Snap™ messaging platform.

14.     On January 3, 2014, Investel filed U.S. Provisional Patent Application No. 61/923,315 ("Provisional Application") covering content integration using user-related data, including geolocation data, and sharing integrated content originating from the user.

15.     Investel has a priority in its invention rights with respect to the subject matter disclosed in the Provisional Application as of January 3, 2014.

16.     Investel filed a formal Patent Cooperation Treaty ("PCT") application on December 30, 2014, application number PCT/CA2014/0151268, entitled "User Content Sharing System and Method with Automated External Content Integration." This PCT application claimed the benefit of the Provisional Application and priority date of January 3, 2014.

17.     On December 30, 2014, Investel filed a Canadian patent based on the PCT Application, entitled "User Content Sharing System and Method with Automated External Content Integration."   The Canadian patent issued on June 14, 2016, with a priority date of January 3, 2014, Patent No. 2,887,596 ("'596 CDN

Patent").  A copy of the '596 CDN Patent is attached as **Exhibit B**.

18.     On July 1, 2016, Investel filed U.S. Patent Application No. 15/200,631, entitled "User Content Sharing System and Method With Automated External Content Integration."  On August 18, 2016, Investel filed U.S. Patent Application number 15/240,515, entitled "User Content Sharing System and Method With Location-Based External Content Integration."  Both U.S. patent applications have a priority date of January 3, 2014 and are based on the same subject matter and are a continuation of the PCT application.

## INVESTEL SEEKS TO LAUNCH ITS iFRAMED CONTENT SHARING SOLUTIONS FOR MOBILE APPLICATIONS

19.     Investel, having secured rights through its issued patent and patent applications in Canada and the United States with a priority date of January 3, 2014, sought investments sufficient to launch a product based on its content sharing solutions for mobile applications, which includes content integration using user-related data such as geolocation data, and sharing integrated content originating from the user.  Investel developed both an application platform and the requisite back-end technology for a content sharing product called iFramed that is covered by Investel's content sharing patented inventions.

20.     iFramed is a system for creating advertising campaigns on social media where users post branded content.  iFramed allows users to enhance their shared content by selectively including in their posts external content which may include, but is not limited to, external advertisements, user location, and other content based on various user parameters including user location.  Users are then paid for posting this branded content by the advertiser or sponsor through iFramed.  iFramed allows advertisers to more closely target their message based in part on user location, and for users to share in the monetization of social media.

21.     iFramed Canada Ltd. ("iFramed Canada") has licensed the '596 CDN Patent covering the iFramed system for use in North America.  In January 2014,

Investel launched the iFramed application in beta mode.

22.     Investel desires to bring the complete commercial iFramed to market in the United States and to allow the public to enjoy the benefits of its content sharing innovations.  To that end, Investel initiated attempts to raise capital sufficient to launch iFramed in North America and beyond.

## SNAP'S CLAIMED PRIORITY RIGHTS HAVE INTERFERED WITH THE LAUNCH OF INVESTEL'S iFRAMED APPLICATION IN THE UNITED STATES

23.     Investel had planned a commercial launch for the Fall of 2016 in the United States and Canada, but Investel's launch was delayed as a result of Snap's massive campaign to introduce its own sponsored and location-based filters ("geofilters"), in its content sharing app, under a claim of having the patent rights to the technology, including under its '816 Patent.  Snap's conflicting claim to ownership of the intellectual property rights to this invention have raised questions among potential investors and potential clients regarding whether Investel, on the one hand, or Snap, on the other hand, own the rights to the invention in the United States.

24.     Snap's claim to own the patented rights has had the effect of interfering with Investel's ability to raise capital to launch its business.  This was compounded when, in mid-November 2015, Snap announced that it would seek an initial public offering of $3 billion, setting its valuation at between $25 and $35 billion.

25.     Snap has levered its claimed rights to the technology, including with respect to the '816 Patent, to attempt to occupy the field, including by seeking to secure long-term commercial contracts with advertisers such as McDonald's and Universal Pictures, as well as multiple advertising consortiums, such as the InterPublic Group of Companies.

1

2

## THE CANADIAN PATENT LITIGATION BETWEEN INVESTEL AND SNAPCHAT

3      26.     On August 22, 2016, Investel sued Snap in Canadian federal court for

4  infringement of the '596 CDN Patent after it learned about Snapchat's branded

5  geofilters.  The '596 CDN Patent has 94 claims which read on systems and methods

6  for the user of a social media system to be presented with advertisements, based on

7  user-related attributes, which they can choose to incorporate onto their own

8  material, and to published the altered material for distribution on the social media

9  networks.

10      27.     In the course of the Canadian litigation, on November 30, 2016, Snap

11  took the position that Investel's '596 CDN Patent is invalid, in part due to

12  Snapchat's application and back-end hardware and software, thereby claiming that

13  Snap, not Investel, owns the rights to a content sharing system and method with

14  content integration using user-related data, including geolocation data, and sharing

15  integrated content originating from the user.

16      28.     As a consequence of Snap's position taken in the Canadian litigation,

17  as well as its close-in-time announcement of its IPO, Investel has a reasonable fear

18  and apprehension that patent infringement litigation will be brought against it.

19  Therefore, there is a specific case and controversy regarding which company,

20  Investel or Snap, is the rightful owner of the invention covering the system and

21  method of content sharing with content integration using user-related data.

22      29.     Snap's allegations of non-infringement of Investel's '596 CDN Patent

23  and ownership of the intellectual property place a cloud over Investel's products and

24  relationships with potential investors.  Investel needs and seeks resolution of the

25  issues raised in this complaint for declaratory relief to lift the cloud over its

26  business.

27

28

**FIRST CLAIM FOR RELIEF**

**DECLARATORY JUDGMENT OF INVALIDITY**

**OF THE '816 PATENT**

30.     Investel repeats and realleges each of the allegations in paragraphs 1-29 as if fully set forth herein.

31.     Investel's Provisional Application and its subsequent U.S. patent applications have a priority date of January 3, 2014, and cover content integration using user-related data, including geolocation data, and sharing integrated content originating from the user.

32.     Snap's '816 Patent has a later priority date of July 7, 2014.

33.     Investel contends that one or more of the claims of the '816 Patent are invalid and/or unenforceable for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. § 1, et seq., including but not limited to §§ 101, 102, 103, 112.

34.     As one example, claim 1, the only independent claim of the '816 Patent, is invalid under 35 U.S.C. §§ 102 and/or 103, over certain prior art, including but not limited to Investel's own Provisional Application and its other U.S. patent applications.

35.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

36.     An actual and justiciable controversy exists between Investel and Snap with respect to whether the '816 Patent is invalid.  A judicial declaration is necessary and appropriate so that Investel may ascertain its rights regarding the '816 Patent.

37.     Investel is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## SECOND CLAIM FOR RELIEF

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT

### OF THE '816 PATENT

38.     Investel repeats and realleges each of the allegations in paragraphs 1-37 as if fully set forth herein.

39.     Snap claims to be the legal owner of all rights, title, and interest in the '816 Patent, including the right to enforce these patents.

40.     Snap, in the Canadian patent litigation, claims that every claim of the '596 CDN Patent is invalidated by prior art, and by direct implication, Investel by launching iFramed, is or would be directly infringing, inducing others to infringe, or contributorily infringing the '816 Patent.

41.     But for Snap's position regarding the invalidity of Investel's patents, timed to coincide with its IPO, Investel would have obtained investors necessary to launch its business in the United States and worldwide, and the introduction of the iFramed application in the United States would not have been independently delayed by that patent.  Investel is being injured by Snap's actions of asserting that it owns the intellectual property and exclusive rights under the '816 Patent.

42.     There is a substantial and continuing controversy between Investel and Snap and a declaration of rights is both necessary and appropriate to establish that Investel does not infringe any valid or enforceable claim of the '816 Patent and allow it to bring its product to market.

43.     Investel seeks a declaration that the manufacture, marketing, use, offer for sale, sale, and/or importation of the product that is the subject of Investel's business effort, and specifically, the iFramed application, will not directly infringe, induce, or contribute to the infringement by others of the claims of the '816 Patent, nor are the claims of the '816 Patent being infringed by Investel.

44.     Investel's injury can be redressed by the requested relief:  a declaratory judgment of non-infringement of the '816 Patent.  Absent such relief, Investel will

be effectively foreclosed from entering the market, will be monetarily harmed, as it will lose sales of its product by virtue of not being able to enter the market at the earliest possible date, will not be able to raise funds through investments and enter into long-term and short term contracts necessary to scale its business to enable consumers and the public to effectively use the product. Investel has already invested significant resources preparing to enter the U.S. market and has been foreclosed from doing so by Snap's actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Investel respectfully requests the following relief:

A.     A declaration that the '816 Patent is invalid over prior art, including without limitation, Investel's own U.S. Provisional Application No. 61/923,315, filed on January 3, 2014;

B.     A declaration that the claims of the '816 Patent will not be infringed by the iFramed methods and systems;

C.     A declaration that the manufacture, marketing, use, offer for sale, sale, and/or importation of the iFramed application have not infringed, do not infringe, and would not, if marketed, infringe or induce or contribute to the infringement by others of any claims of the '816 Patent;

D.     An order declaring that Investel is the prevailing party and that this is an exceptional case under 35 U.S.C. § 285 and awarding Investel its costs, including attorneys' fees, in connection with this action; and

E.     Such other relief that the Court deems just and proper under the circumstances.

DATED: February 2, 2017          GREENBERG GROSS LLP


By:        /s/ Michael I. Katz
           Wayne R. Gross
           Michael I. Katz
           Attorneys for Plaintiff

1

## <u>DEMAND FOR JURY TRIAL</u>

2
      Plaintiff Investel Capital Corporation hereby demands a jury trial.

3

4
DATED:  February 2, 2017      GREENBERG GROSS LLP

5

6

7
      By:      /s/ Michael I. Katz

8
            Wayne R. Gross
            Michael I. Katz

9
            Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT